BALCHEN, (PIEHL v.) See Case No. 11,-137.

## Case No. 793.

BALDERSTON v. MANRO et al.

[2 Cranch, C. C. 623.][1]

Circuit Court, District of Columbia. Nov. Term, 1825.

BILL OF LADING—ASSIGNMENT—TITLE TO CARGO.

The assignment and delivery of a bill of lading and invoice of goods in transitu, for a valuable consideration, conveys the legal title; and the goods cannot be attached as the property of the assignor.

[See The Mary Ann Guest, Case No. 9,197.]

This was a chancery attachment of the effects of Jonathan Manro, of Baltimore, in the hands of George F. Warfield and Fielder Luckett, by Ely Balderston, a creditor of Manro. It appeared that Manro, residing in Baltimore, and being largely indebted to sundry persons, on the 1st of March, 1823, made a deed of assignment of his property to the defendant, George F. Warfield, also of Baltimore, in trust for the payment of the creditors named in the deed, of whom the plaintiff was not one. This deed was duly acknowledged and recorded according to the laws of Maryland, and among other things assigned and transferred to the said trustee all the right of the said Manro to the returns, net proceeds, profits, and property in and to thirty-two bags of cocoa on board the brig Resolution; and for the better transferring the same to the said trustee, indorsed and assigned to him on the same 1st of March, 1823, the bill of lading and invoice thereof. It appeared also by the defendant's answer, that the trustee had lent his notes to Manro to the amount of $4,000 or $5,000 for which the trustee was liable, and he claimed a right to retain any surplus which might remain in his hands after paying the creditors named in the deed, to indemnify himself against that liability. The attachment was not issued until the 11th of March, 1823, ten days after the assignment and indorsement of the bill of lading to the defendant.

C. C. Lee, for plaintiff.

Mr. Taylor, for defendant.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that the assignment and indorsement of the bill of lading of the thirty-two bags of cocoa, transferred the legal title to Warfield, and that the court could not deprive him of that legal title, if his equity was equal to that of the plaintiff. Warfield is responsible for Manro to the

---

[1] [Affirmed in Case No. 4,345.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

amount of $4,000 or $5,000 and he is doubtful whether his other security is sufficient to indemnify him. If there should be a surplus of the trust-funds in his hands, after paying the trust-debts, he will have a right in equity to retain enough to secure an indemnification. It does not yet appear what that surplus, if any, will be; nor whether the other security, which he holds, is sufficient. Under such circumstances, a court of equity will not oblige him to relinquish that surplus, unless the plaintiff will indemnify him. We think that Mr. Warfield ought to take measures to obtain payment of the notes (for which he is responsible,) out of the funds pledged to the bank; and to settle the trust-debts, so as to ascertain what he will have to pay to the bank upon his indorsements, and what surplus there may be of the trust-fund; and that the cause should stand continued until he shall state such an account; and that the marshal pay into court the net proceeds of the sales of the cocoa, and that they be invested in some productive fund, until the court can make a final decree in the cause.

NOTE, [from original report.] At April term, 1826, the court ordered the bill to be dismissed with costs; and ordered the marshal to pay to Warfield the net proceeds of the sales of the cocoa.